1  G. Patrick HagEstad, Esq.
   Hannah Stone, Esq.
2  MILODRAGOVICH, DALE
   & STEINBRENNER, P.C.
3  620 High Park Way
   P.O. Box 4947
4  Missoula, Montana 59806-4947
   Telephone: (406) 728-1455
5  Fax: (406) 549-7077
   gpatrick@bigskylawyers.com
6  hstone@bigskylawyers.com
       *Attorneys for Plaintiff*

7

8

9

10

CLERK OF THE
DISTRICT COURT
TERRY HALPIN

2017 APR 10  AM 8 46

BY _____  FILED

DEPUTY _____ (1) AA

11  MONTANA THIRTEENTH JUDICIAL DISTRICT COURT, YELLOWSTONE COUNTY

12  ARLENE SCHEITZACH,              )   Dept. No. DV 17-0493
                                    )
13              Plaintiff,          )   Cause No. RUSSELL C. FAGG
                                    )
14          -vs-                    )   **COMPLAINT and DEMAND FOR**
                                    )   **JURY TRIAL**
15  WELLS FARGO BANK, NATIONAL      )
    ASSOCIATION and DOES I-V,       )   120/135848
16                                  )
              Defendants.           )
17                                  )

18      COMES NOW Plaintiff Arlene Scheitzach, by and through her undersigned counsel of

19  record, and hereby alleges the following:

20                                **PARTIES**

21      1.      Plaintiff, Arlene Scheitzach, is and was at all times relevant to this Complaint, a

22  resident of Billings, in Yellowstone County, Montana.

23      2.      Defendant Wells Fargo Bank, National Association ("Wells Fargo") is a

24  Corporation with its principal place of business in Sioux Falls, South Dakota, licensed to conduct

25  business in Montana, which provides various types of personal and business banking services

26  and products to customers and employs Montana residents.

27      3.      Wells Fargo owns and operates six branch locations in Billings, Montana.

28  COMPLAINT and DEMAND FOR JURY TRIAL - Page 1

1     4.     Defendants Does I-V are entities and/or individuals, presently unknown, who

2  may be responsible for the claims at issue in this Complaint.

3                              **JURISDICTION AND VENUE**

4     5.     This Court has personal and subject matter jurisdiction over Plaintiff's claims

5  against Defendants pursuant to Montana Rules of Civil Procedure 4(B)(1).

6     6.     This Court is the proper venue for Plaintiff's claims against Defendants pursuant

7  to Montana Code Annotated § 25-2-121(b).

8                              **FACTS COMMON TO ALL CLAIMS**

9     7.     Plaintiff was hired by Wells Fargo in 2002 as a Phone Banker at a Wells Fargo

10  branch located in Sacramento, CA.  Plaintiff was transferred in May 2011 as a Banker/Assistant

11  Manager to a Wells Fargo Billings branch located at 2235 Grant Road, Billings, Montana, 59102.

12  Plaintiff was subsequently transferred to a second Wells Fargo Billings branch located at 2334

13  Central Avenue, Billings, Montana 59102, and finally to a third Wells Fargo Billings branch

14  location ("Grand Location") located at 3137 Grand Avenue, Billings, Montana, 59102.  Plaintiff

15  worked at the Grand Location up until her employment was terminated.

16     8.     Plaintiff performed her job duties well and received multiple raises and

17  promotions.

18     9.     Plaintiff was ultimately promoted to the position of Store Manager I.  During her

19  term as Store Manager, she demonstrated exemplary work aptitude and outstanding customer

20  service.

21     10.     While employed as a Store Manager, Plaintiff received numerous awards based

22  on her performance.  In both 2014 and 2015 Plaintiff was recognized at the Wells Fargo national

23  awards ceremony as the "Top Manager" for the Rocky Mountain District.

24     11.     Plaintiff's compensation package included company benefits, bonuses, and fringe

25  benefits at the time of her termination.

26     12.     Wells Fargo utilizes a multi-tiered disciplinary policy for workplace issues,

27

28  **COMPLAINT and DEMAND FOR JURY TRIAL - Page 2**

1  including but not limited to employee performance issues and interpersonal disputes. The

2  warnings Wells Fargo issues graduate from Informal Warning, Formal Warning, Final Notice,

3  and Termination.

4      13.    Before August 2015, Plaintiff had never been "written up" for any reason.  In

5  August 2015, Plaintiff received a single Formal Warning citing an isolated customer complaint

6  and sales quality in her store.

7      14.    In February 2015, Plaintiff took paid time off work–to which she was entitled–to

8  take care of her father, who was suffering from cancer, and also to address personal health

9  concerns. She was treated poorly at work after she returned.

10     15.    In October 2015 Wells Fargo hired a "floating manager" who performed tasks

11  identical to those of Plaintiff's position.

12     16.    On December 29, 2015, Plaintiff's supervisor, Mike Orlowski, issued an Informal

13  Warning to Plaintiff. One of the reasons stated in the warning was that Plaintiff had been

14  "conducting personal matters during business hours." Mr. Orlowski told Plaintiff that her prior

15  (August 2015) Formal Warning "fell off" and that she was "doing great." He also told her the

16  Informal Warning would "fall off" in 30-60 days.

17     17.    On April 19, 2016, Plaintiff was terminated at 1:00 p.m. in front of her co-

18  workers without reason. She was not on any type of disciplinary plan at the time of her

19  termination.

20     18.    Pursuant to company policy, Plaintiff called Wells Fargo Human Resources to

21  inquire about the reasons for her termination. Wells Fargo did not have a reason, was not aware

22  of the termination, and sent her a Dispute Resolution Request form, which was filled out and

23  returned on May 3, 2016, well ahead of the May 19, 2016 deadline provided by the Wells Fargo

24  grievance procedure guidelines.

25     19.    Wells Fargo failed to adequately respond to Plaintiff's request or provide the

26  genuine reason for her termination.

27

28  COMPLAINT and DEMAND FOR JURY TRIAL - Page 3

1

## COUNT I
## Wrongful Discharge from Employment

2

3    20.    Plaintiff re-alleges the allegations contained in Paragraphs 1 through 19 above, as

4    though fully set forth herein.

5    21.    The Montana Wrongful Discharge from Employment Act (Mont. Code Ann. §

6    39-2-901, *et seq.*) provides a remedy for employees who have been wrongfully terminated from

7    their employment.

8    22.    Defendants failed to follow their own written procedures in terminating Plaintiff

9    without reason and without her being subject to any type of disciplinary action.

10    23.    Plaintiff's termination violated Defendants' express provisions of its written

11    personnel policies and was a violation of Mont. Code Ann. § 39-2-904(1)(c).

12    24.    Plaintiff's discharge was not for good cause and was in violation of the

13    Montana's Wrongful Discharge from Employment Act, Mont. Code Ann. § 39-2-904(1)(b)

14    because Defendants lacked reasonable job-related grounds for the termination.

15    25.    Defendants also violated the express provisions of its own written personnel

16    policy because it has failed to comply with its own grievance procedures. Plaintiff has exhausted

17    all of Wells Fargo's available administrative remedies for filing a Dispute Resolution form

18    pursuant to Mont. Code Ann. § 39-2-911(2).

19    26.    Plaintiff suffered a loss of economic benefits as a result of Defendants' wrongful

20    discharge.

21

## COUNT II
## Negligent Training and Supervision

22

23    27.    Plaintiff re-alleges the allegations contained in Paragraphs 1 through 26 above, as

24    though fully set forth herein.

25    28.    Defendants had a duty to train and supervise Plaintiff with reference to the

26    performance of her duties as a Store Manager in conformity with its expectations.

27    29.    At the time of her termination, Plaintiff was qualified for the position she held,

28    COMPLAINT and DEMAND FOR JURY TRIAL - Page 4

1    and had worked for Wells Fargo for over thirteen (13) years.

2        30.    Prior to Mr. Orlowski's placement as her direct supervisor, Plaintiff had never

3    had a negative performance review.

4        31.    Defendants negligently trained and supervised Plaintiff with reference to her

5    duties in relation to Defendants' expectations.

6        32.    Any performance problems identified by Defendants in reference to Plaintiff's

7    employment were the result of negligent training and supervision of the Plaintiff by Defendants.

8        33.    Plaintiff has been damages as a result of Defendants' negligent training and

9    supervision, in an amount be determined at trial.

10                              **COUNT III**
                       **Negligent Investigation**
11

12       34.    Plaintiff re-alleges the allegations contained in Paragraphs 1 through 33 above, as

13   though fully set forth herein.

14       35.    Defendants did not confirm facts alleged or independently investigate allegations

15   to determine whether Plaintiff was appropriately performing her job duties.

16       36.    The investigation conducted by Defendants and/or Defendants' agents was

17   conducted negligently and in contravention of Defendants' duty to the Plaintiff.

18       37.    Plaintiff was damaged by Defendants' negligent investigation of her on-the-job

19   conduct.

20       38.    Defendants are liable for Plaintiff's damages in relation to the negligent

21   investigation.

22                              **COUNT IV**
                          **Discrimination**
23

24       39.    Plaintiff re-alleges the allegations contained in Paragraphs 1 through 38 above, as

25   though fully set forth herein.

26

27

28   COMPLAINT and DEMAND FOR JURY TRIAL - Page 5

1      . 40.     At the time of termination, Plaintiff was of a different gender than her supervisors.

2   She was older than most of her peers, and had recently taken time off for family and personal

3   medical issues.

4      41.     Plaintiff was replaced by a member of the opposite gender, who was younger and

5   had not taken time off for health reasons.

6      42.     Defendants cannot articulate a valid, non-discriminatory reason for terminating

7   Plaintiff. Even if Defendant could articulate such a reason, the reasons are pretextual and the

8   termination was the result of discrimination.

9      43.     Defendants are liable to Plaintiff for damages as provided by the Montana Human

10   Rights Act.

11      WHEREFORE, Plaintiff requests that this Court grant judgment against Defendants as

12   follows:

13      . 1.     For all remedies and damages under Mont. Code Ann. § 39-2-905, including lost
                wages and loss of other employee fringe benefits, plus interest thereon, in an

14                 amount to be determined at trial;

15      2.     For damages related to Defendants' negligence;

16      3.     For all remedies and damages available under civil rights laws affording
                protection from discrimination based on age, gender and disability;

17

18      4.     For attorney's fees and costs of suit; and

19      5.     For such other and further relief as this Court deems just and proper.

20      DATED this *7th* day of April, 2017.

21                         MILODRAGOVICH, DALE
                            & STEINBRENNER, P.C.

22                         *Attorneys for Plaintiff Arlene Scheitzach*

23

24

25                       By:_____
                              Hannah Stone

26   //

27   //

28   COMPLAINT and DEMAND FOR JURY TRIAL - Page 6

1
## DEMAND FOR JURY TRIAL

2   COMES NOW Plaintiff Arlene Scheitzach, and demands a jury trial on all issues of fact

3  in the above case.

4   DATED this 7ᵗʰ day of April, 2017.

5               MILODRAGOVICH, DALE
               & STEINBRENNER, P.C.
6                 *Attorneys for Plaintiff Arlene Scheitzach*

7

8

9   By: _____
               Hannah Stone
10

11  13949/2(HS/vt)
   L:\WDDOCS\DOCS\CLIENTFL\13949\002\CMP\00663715.WPD
12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28  **COMPLAINT and DEMAND FOR JURY TRIAL - Page 7**