IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| ARLENE SCHEITZACK,<br><br>             Plaintiff,<br><br>vs.<br><br>WELLS FARGO BANK, NATIONAL ASSOCIATION and DOES 1-V,<br><br>             Defendants. | CV 17-100-BLG-SPW-TJC<br><br>**FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE** |

Plaintiff Arlene Scheitzack ("Scheitzack") brings this action against her former employer Wells Fargo Bank, National Association ("Wells Fargo"). In her Complaint, Scheitzack asserts causes of action for wrongful discharge under Montana's Wrongful Discharge from Employment Act, Mont. Code Ann. § 39-2-901, *et seq.* ("WDEA") (Count I), negligent training and supervision (Count II), negligent investigation (Count III), and discrimination (Count IV). (Doc. 3.)

Presently before the Court is Wells Fargo's Partial Motion to Dismiss Counts II and III of the Complaint (Doc. 4), which has been referred to the undersigned under 28 U.S.C. § 636(b)(1)(B). (Doc. 9.) The motion is fully briefed and ripe for the Court's review. (Docs. 5, 7, 8).

Having considered the parties' submissions, the Court **RECOMMENDS** Wells Fargo's Partial Motion to Dismiss be **GRANTED**.

1

## I.     BACKGROUND

Scheitzach was hired by Wells Fargo in 2002 as a phone banker in Sacramento, California.  (Doc. 3 at ¶7.)  Over the years, Scheitzack advanced in the company, and in May 2011, transferred to Billings, Montana to take a position as a banker/assistant manager.  (*Id.*)  Scheitzack was ultimately promoted to the position of Store Manager I, and was recognized at the Wells Fargo national awards ceremony as a "Top Manager" for the Rocky Mountain District in 2014 and 2015.  (*Id.* at ¶ 9-10.)

In February 2015, Scheitzack took time off work to care for her ill father, and to address her own personal health concerns.  (*Id.* at ¶ 14.)  Scheitzack alleges she was treated poorly when she returned to work.  (*Id.*)

In August 2015, Scheitzack received a formal warning relating to a customer complaint and sales quality at her store.  (*Id.* at ¶ 13.)  Scheitzack alleges that before August 2015, she had never been "written up" for any reason.  (*Id.*)

In December 2015, Scheitzack received an informal warning by her supervisor for conducting personal matters during business hours.  (*Id.* at ¶ 16.)

On April 19, 2016, Scheitzack was terminated.  (*Id.* at ¶ 17.)  Scheitzack alleges she was terminated in front of her co-workers, without reason.  (*Id.*)

/ / /

/ / /

2

## II.   ANALYSIS

"Dismissal under Rule 12(b)(6) is proper when the complaint either (1) lacks a cognizable legal theory or (2) fails to allege sufficient facts to support a cognizable legal theory." *Zixiang Li v. Kerry*, 710 F.3d 995, 999 (9th Cir. 2013) (quoting *Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1104 (9th Cir. 2008)).  The Court's standard of review under Rule 12(b)(6) is informed by Rule 8(a)(2), which requires that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677–678 (2009) (quoting Fed. R. Civ. P 8(a)).

To survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. A plausibility determination is context specific, and courts must draw on judicial experience and common sense in evaluating a complaint. *Levitt v. Yelp! Inc.*, 765 F.3d 1123, 1135 (9th Cir. 2014).

Wells Fargo argues Scheitzack's claims for negligent training and supervision (Count II) and negligent investigation (Count III) relate to the termination of her employment, and therefore, should be dismissed because they

are preempted by the WDEA.  Scheitzack counters that although she was

ultimately terminated, Wells Fargo's interim conduct forms the basis of her

negligence claims.  Scheitzack argues she was subject to emotional distress and

humiliation prior to her termination because Wells Fargo failed to advise her of

what deficiencies in her performance she needed to correct, and because she was

publicly terminated without reason.

### A.   Plaintiff's Negligence Claims are Preempted by the WDEA

The WDEA "is the exclusive remedy for a wrongful discharge in Montana."

*Mysse v. Martens*, 926 P.2d 765, 774 (Mont. 1996).  Mont. Code. Ann. § 39-2-902.

The WDEA provides that "no claim for discharge may arise from tort or express or

implied contract."  Mont. Code. Ann. § 39-2-913.  Nevertheless, the WDEA does

not bar all tort or contract claims arising in the employment context.  *Beasley v.*

*Semitool, Inc.*, 852 P.2d 84, 86 (Mont. 1993).  Claims that are unrelated to an

alleged wrongful discharge are not preempted.  *Id.*  But claims that are

"inextricably intertwined with and based upon" the discharge are barred.  *Id.* at 87.

In other words, "other causes of action are precluded if the claims were contingent

upon termination and unless the plaintiff could bring the claim regardless of

whether she was still employed."  *Daniels v. YRC, Inc.*, 2013 WL 449300, *1 (D.

Mont. Feb. 5, 2013).

Here, Scheitzack's negligence claims are inextricably intertwined with the alleged wrongful discharge.  Both claims necessarily depend on her termination. In Count II, Scheitzack alleges that if she had been provided with better training and supervision she would not have had performance problems, and thus, would not have been terminated.  (Doc. 3 at ¶¶ 28-32).  In Count III, she claims that she would not have been fired if Wells Fargo had conducted a better investigation into whether she was properly performing her duties.  (*Id.* at ¶¶ 35-37.)  Simply put, without the termination, Plaintiff would have no injury.  *See Kulm v. Montana State University*, 948 P.2d 243, 246 (Mont. 1997) (finding the plaintiff's claims were barred because "he would have no grievance" if he had not been terminated).

Further, Scheitzack has not alleged any damages arising from Wells Fargo's alleged negligence separate from the damages arising from her termination.  *See Mysse*, 926 P.2d at 774 (finding the plaintiff's complaint was "insufficient to indicate a separate claim" where the plaintiff did not allege any separate damages); *Hetu v. Charter Commc'ns, LLC*, 2015 WL 1534115, *5 (D. Mont. April 6, 2015) (finding negligence claim was "inextricably intertwined with [the plaintiff's] discharge because the damages alleged in the Amended Complaint are a result of her discharge").  Again, had Scheitzack not been terminated, she would have suffered no damages, and would have no actionable claim against Well Fargo.

5

Thus, the Court finds Scheitzack's negligence claims are not separate and distinct from her wrongful discharge claim.

Accordingly, Scheitzack's claims for negligent training and supervision (Count II) and negligent investigation (Count III) are barred by the WDEA, and must be dismissed.

### B.    Leave to Amend

If a Rule 12(b)(6) motion to dismiss is granted, claims may be dismissed with or without prejudice, and with or without leave to amend.  Ordinarily, leave to amend should be granted unless "the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (quoting *Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995)).  Here, it is obvious that Scheitzach's negligence claims are not separate and distinct from her claim for wrongful discharge.  Thus, amendment would be futile.

### III.    CONCLUSION

Based on the foregoing, **IT IS HEREBY RECOMMENDED** that Wells Fargo's Partial Motion to Dismiss be **GRANTED**, with prejudice and without leave to amend.

**NOW, THEREFORE, IT IS ORDERED** that the Clerk shall serve a copy of the Findings and Recommendations of United States Magistrate Judge upon the parties.  The parties are advised that pursuant to 28 U.S.C. § 636, any objections to

the findings and recommendations must be filed with the Clerk of Court and copies served on opposing counsel within fourteen (14) days after service hereof, or objection is waived.

    **IT IS ORDERED**.

    DATED this 29th day of January, 2018.

                    _____

                    TIMOTHY J. CAVAN

                    United States Magistrate Judge